David M. WHALEN, Plaintiff–Appellant,

v.

Michael RANDLE, Warden, Defendant–Appellee.

No. 00–4462.

United States Court of Appeals, Sixth Circuit.

March 12, 2002.

Before JONES and COLE, Circuit Judges; and GWIN, District Judge.*

## OPINION

COLE, Circuit Judge.

This action stems from a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was filed outside of the one-year statute of limitations established under § 2244(d)(1). Petitioner–Appellant, David M. Whalen, argues that he should not be barred by the one-year statute of limitations because of tolling during his state and federal appeals, tolling after his discovery of new evidence, equitable tolling because of inaccurate advice given by the Ohio State Public Defender's office, and an actual innocence claim. Whalen now appeals from the district court's denial of his § 2254 habeas claims because they are time-barred.

This appeal presents six issues for our review: (1) Whether the district court properly excluded Petitioner's unsuccessful motion for delayed appeal to the Ohio Su-

preme Court from the direct review process under 28 U.S.C. § 2244(d)(1)(A), making it ineligible for tolling of the one-year statute of limitations; (2) Whether the district court properly excluded the ninety-day period following the Ohio Supreme Court's ruling so that Petitioner would be able to file for a writ of certiorari in the United States Supreme Court; (3) Whether the district court properly refused to toll the beginning of the one-year statute of limitations under § 2244(d)(1)(D) until August 13, 1996, the date Petitioner claims a new factual predicate for his claims was discovered; (4) Whether the district court properly denied Petitioner's request for equitable tolling of § 2244(d)(1)'s statute of limitations period because the Ohio Public Defenders Office gave him incorrect information about the filing deadline for his § 2254 motion; (5) Whether the district court properly denied Petitioner's claim that he should be exempt from any statute of limitation under § 2244(d)(1) because he is actually innocent; and (6) Whether the district court properly concluded that Petitioner was outside of the one year statute of limitations for motions brought under § 2244(d)(1)(A).

We reject Whalen's argument that his one-year limitation period started with the finding of new evidence under 28 U.S.C. § 2244(d)(1)(D). Instead, his one-year limitation period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under § 2244(d)(1)(A). Finding that Whalen has not shown reason he should be excused from the one-year limitation period on equitable tolling principles or on a showing of "actual innocence," we AFFIRM the district court's grant of the

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Respondent's motion to dismiss Whalen's habeas petition.

## I. BACKGROUND

### A. Factual Background

On July 4, 1991, two men robbed a convenience store in Cheviot, Ohio. Three days later, on July 7, 1991, two men robbed a drug store in the Sharonville neighborhood of Cincinnati, Ohio. In both robberies one of the suspects was carrying a gun. Petitioner David Whalen was convicted in the Common Pleas Court of Hamilton County, Ohio on April 19, 1993, of two counts of aggravated robbery, three counts of robbery, and one count of theft. Following the trial, Whalen claims to have obtained new evidence validating his claims of innocence. This includes testimony by Martin Trone, identified by store employees as the other participant in the robberies, that his accomplice had been a man named Troy Hughes and not Whalen. Whalen also obtained an affidavit by Carol Ann Holthaus—a witness to the acts in question—regarding several instances where the prosecutor in the state trial had improperly taken witnesses to see Whalen for later identification purposes, and an affidavit by Trone that he had not used an operable firearm under Ohio law as required for the conviction. Finally, on August 13, 1996, Whalen received a supplemental report from the City of Cheviot Police Department that had never been turned over to the defense. Whalen claims it contained interviews of James Denny—a mutual friend of Whalen and Trone—and Troy Hughes that would have vindicated him by implicating Hughes in the robberies.

### B. Procedural History

After his state court conviction, Petitioner appealed to the Ohio Court of Appeals for the First District, which affirmed his conviction on September 7, 1994. He next appealed to the Ohio Supreme Court on October 21, 1994. The appeal was rejected on technical grounds for exceeding a page limitation. Petitioner next filed a motion for leave to filed a delayed appeal with the Ohio Supreme Court, but this was denied on December 7, 1994.

Petitioner next attempted to reopen his appeal in the intermediate appellate state court under Ohio Appellate Rule 26(B)(1) on June 19, 1995. The Ohio Court of Appeals denied this application on August 16, 1995. Petitioner then appealed this denial to the Ohio Supreme Court on November 6, 1995, and the appeal was denied on February 28, 1996. No petition for writ of certiorari was filed with the United States Supreme Court.

On September 19, 1996, Petitioner filed a new petition for post-conviction relief under OHIO REV.CODE ANN. § 2953.21 with the Hamilton County Common Pleas Court. The basis for the motion was that he had allegedly discovered new evidence after trial. The Common Pleas Court denied the motion in part because it was barred by *res judicata*. The Ohio Court of Appeals affirmed this judgment on February 20, 1998, and the Ohio Supreme Court dismissed the appeal on May 20, 1998. Petitioner filed no petition for writ of certiorari with the United States Supreme Court.

Petitioner next filed a petition for habeas corpus under 28 U.S.C. § 2254 with the United States District Court for the Southern District of Ohio on March 1, 1999. The district court ruled that the petition was filed outside of the one year time period established in 28 U.S.C. § 2244(d)(1), and dismissed the petition on April 19, 2000. The district court also issued a certificate of appealability on the issue of whether the habeas corpus peti-

tion was time-barred under 28 U.S.C. § 2244(d). Whalen then filed a timely notice of appeal of the district court's decision on May 17, 2000.

## II. DISCUSSION

Petitioner David Whalen filed his petition for habeas corpus on March 1, 1999. Chapter 28 U.S.C. § 2244(d)(1)(A) provides for a one-year statute of limitations for habeas claims after the date on which the judgment became final by the conclusion of direct review, or for a one-year grace period after the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, if the judgment became final before the passage of AEDPA. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999). Here, that date of final judgment was February 28, 1996—thus, the one-year statute of limitations began to run on April 24, 1996. In order to meet this statute of limitations, he must show that his unsuccessful motion for delayed appeal to the Ohio Supreme Court, and the ninety-day period following the Ohio Supreme Court's ruling to allow for time to file for certiorari in the United States Supreme Court, both qualify as part of the direct review process under 28 U.S.C. § 2244(d)(1)(A). If they both qualify, then the period from June 19, 1995 to February 28, 1996 is tolled and ninety days is added to his February 28, 1996 judgment for statute of limitations purposes. This causes his judgment to not become final by the conclusion of direct review until May 29, 1996. This date is after the enactment of AEDPA on April 24, 1996, and thus the one-year statute of limitations extends through to May 29, 1997. Even tolling this statute of limitations period from September 19, 1996 to May 20, 1998 to account for Petitioner Whalen's state collateral review proceedings, and assuming that Whalen's arguments are correct, Whalen's March 1, 1999 habeas petition still ends up one month short of the statute of limitations deadline.

In order to get around this problem, Whalen makes three additional arguments that would toll the statute of limitations even further. The first is his alleged discovery of a new factual predicate for his claims on August 13, 1996. Under § 2244(d)(1)(D), this discovery would extend the start of the statute of limitations period to August 13, 1996, rather than the April 24, 1996 date used by the district court or the May 29, 1996 date advanced by Whalen's arguments above. Whalen's second argument is that he should be allowed equitable tolling of the deadline by several months because he diligently pursued his appeal but relied upon inaccurate advice from the Ohio Public Defenders Office. Whalen's final argument is that he is actually innocent, and thus not subject to any statutory time limitations.

### 1. STANDARD OF REVIEW

■ We review the district court's legal conclusions de novo and its factual findings under a clearly erroneous standard in appeals of federal habeas corpus proceedings. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

### 2. ANALYSIS

A. Petitioner's unsuccessful motion for delayed appeal to the Ohio Supreme Court and tolling of the one-year statute of limitations for the direct review process under 28 U.S.C. § 2244(d)(1)(A)

■ Petitioner Whalen argues that his application for delayed appeal under Ohio Rule of Appellate Procedure 26(B) is part of the review process eligible for tolling under 28 U.S.C. § 2244(d)(1)(A). Rule 26(B) applications to reopen direct appeal

are part of the direct review process. *Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000); *White v. Schotten,* 201 F.3d 743, 752 (6th Cir.2000). The statute of limitations under § 2244(d)(1)(A) is tolled for the period of time in which a Rule 26(B) application is actually pending in the Ohio courts, thus preventing the petitioner from gaining any benefit from his delay in bringing the application. *Schotten,* 201 F.3d at 752; *Johnson v. United States,* 246 F.3d 655, 660 n. 6 (6th Cir.2001).

■ Whalen is correct that his application for delayed appeal under Ohio Rule of Appellate Procedure 26(B) is part of the review process eligible for tolling under 28 U.S.C. § 2244(d)(1)(A). The district court did not have the advantage of either *Bronaugh,* 235 F.3d at 286, or *Schotten,* 201 F.3d at 752, when deciding this issue. As such, the district court relied on the very strong policy concerns with allowing such delayed appeals to be part of the direct review process raised in the Second Circuit.

> Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y.1998).

While legitimate, these concerns are dissipated by the fact that tolling only occurs for that period of time while the Rule 26(B) application is pending in the Ohio courts.

Accordingly, we toll the period from June 19, 1995, when Petitioner reopened his appeal in the intermediate appellate state court under Ohio Appellate Rule 29(B)(1), to February 28, 1996, when the Ohio Supreme Court denied his appeal.

B. Petitioner's ninety-day period following the Ohio Supreme Court's ruling to file for certiorari in the United States Supreme Court and tolling of the one year statute of limitations for the direct review process under 28 U.S.C. § 2244(d)(1)(A)

■ Petitioner Whalen argues that his one year limitation period did not begin to run until ninety days after the Ohio Supreme Court ruled on his Rule 26(B) application to allow time in which to file a petition for writ of certiorari. He points to an alleged conflict between *Bronaugh,* 235 F.3d at 283 n. 10, which assumes without deciding that the statute of limitations in § 2244(d)(1)(A) is not tolled for an additional ninety days, and *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000), which he argues allows for such tolling. Petitioner misreads *Isham,* which clearly states that § 2244(d)(2) does *not* toll the limitations period to take into account the time in which a defendant could have filed a petition for certiorari with the United States Supreme Court. *Id.Accord Ott v. Johnson,* 192 F.3d 510, 512–13 (5th Cir.1999); *Rhine v. Boone,* 182 F.3d 1153, 1155–56 (10th Cir.1999); *Coates v. Byrd,* 211 F.3d 1225 (11th Cir.2000); *Gonzalez v. DeTella,* 6 F.Supp.2d 780, 781–82 (N.D.Ill.1998) (reversed on other grounds by *Gonzalez v. DeTella,* No. 98–2694, 1999 WL 1100223 (7th Cir. Nov.30, 1999)); *Moseley v. Freeman,* 977 F.Supp. 733, 735–39 (M.D.N.C. 1997).

Accordingly, we conclude that Whalen does not benefit from an additional ninety-

day tolling of his statute of limitations period under § 2244(d)(1)(A).

C. Petitioner's discovery of a new factual predicate for his claims on August 13, 1996 and tolling of the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(D)

 Petitioner Whalen submits that the district court failed to properly toll the beginning of the one-year statute of limitations under § 2244(d)(1)(D) until August 13, 1996, the date on which the factual predicate of his new claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), was discovered. Section 2244(d)(1)(D) states that a petition for habeas corpus must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A prosecutor does not violate *Brady* unless the "nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). This standard is met where: (1) the evidence is favorable to the accused either because it is exculpatory or impeaching; (2) that evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice must have ensued. *Id.*

 Whalen does not meet this test for establishing a *Brady* violation that would allow him to toll the start of his statute of limitation period under § 2244(d)(1)(D) until August 13, 1996. The district court found that while Whalen may not have had access to the police report in question until August 13, 1996, he was certainly aware of James Denny and Troy Hughes at his original trial. Moreover, the district court noted that neither witness would have

been helpful to Whalen's case because of the limited information about each in the police report. Finally, the factual predicate for the claims presented in Whalen's habeas petition came not on August 13, 1996, but in early 1996—before AEDPA was enacted and too early to affect the statute of limitations period. *Id.* None of the reasons for *Brady* error that Petitioner offers show that the delayed police report contained evidence that Whalen did not already have, or contained suppressed evidence that would have produced a different verdict. *Strickler*, 527 U.S. at 281–82, 119 S.Ct. 1936.

Accordingly, we conclude that Whalen does not qualify under 28 U.S.C. § 2244(d)(1)(D) for tolling of the one year statute of limitations for discovery of a new factual predicate for his claims.

D. Petitioner's receipt of incorrect information about the filing deadline for his § 2254 motion from the Ohio Public Defenders Office and equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d)(1)

 Petitioner Whalen next argues that the incorrect information about filing deadlines for his habeas petition he received from the Ohio Public Defender's Office should qualify him for equitable tolling under § 2244(d)(1). We recently held that the one-year statute of limitation period under § 2244 and § 2254 is subject to the doctrine of equitable tolling, rather than being a jurisdictional requirement. *Dunlap v. United States*, 250 F.3d 1001, 1004 n. 1 (6th Cir.2001). *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). *Accord Davis v. Johnson*, 158 F.3d 806, 810–12 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 616–18 (3rd Cir.1998);

*Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); *Calderon v. U.S. District Court,* 128 F.3d 1283, 1288–89 (9th Cir.1997), *cert. denied,* 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998), *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Equitable tolling is appropriate after considering: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *See Dunlap,* 250 F.3d at 1008–09 (citing *Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 561 (6th Cir.2001); *Andrews v. Orr,* 851 F.2d 146 (6th Cir.1988)). In general, however, a lawyer's mistake is not a valid basis for equitable tolling. *See Kreutzer v. Bowersox,* 231 F.3d 460 (8th Cir.2000); *Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999).

■■■ The improper advice Whalen received from the Ohio Public Defenders Office does not qualify him for equitable tolling under § 2244(d)(1). As the district court noted, the remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim. *Taliani,* 189 F.3d at 598. *See also Johnson v. Gudmundsson,* 35 F.3d 1104, 1118 (7th Cir.1994). That said, the Ohio Public Defenders Office was never even officially

representing Whalen on his habeas petition, and to claim reliance on the advice it did give goes far beyond the scope of the case law allowing equitable tolling. *Kreutzer,* 231 F.3d 460. In considering the five factors espoused in *Dunlap* for equitable tolling claims, Whalen's claims of lack of notice, lack of constructive knowledge, diligence, and reasonableness fall far short of that required to award a tolling of the statute of limitations limit in § 2244(d)(1). *See* 250 F.3d at 1009. Finally, Whalen's reliance on *Helton v. Sec. for Dep't. of Corr.,* 233 F.3d 1322 (11th Cir.2000), is misplaced, as the extraordinary circumstances described there simply do not exist here.

Accordingly, we affirm the district court and conclude that Whalen does not benefit from an equitable tolling of his statute of limitations period under § 2244(d)(1)(A) because of the alleged failings of the Ohio Public Defenders Office.

**E. Petitioner's claim of actual innocence and exemption from any statute of limitation under § 2244(d)(1)**

■■■ Petitioner Whalen cites a claim of actual innocence for the proposition that he should be exempt from any statute of limitation under § 2244(d)(1). No actual innocence exception to § 2244(d)(1) exists in the language of the statute itself, and this Circuit has yet to endorse an actual innocence exception. However, one district court in this circuit has endorsed this exception. *See Holloway v. Jones,* 166 F.Supp.2d 1185, 1190 (E.D.Mich.2001) ("The Court therefore holds that an actual innocence exception exists to the statute of limitations contained within § 2244(d)(1).").[2] Other circuits that have

---

**2.** Judge Tarnow's decision in *Holloway* on September 28, 2001, remains the strongest advocate for this exception. Two other district court unpublished opinions in this circuit

also suggest that there may be an actual innocence exception to the limitations period. *See Washington v. Elo,* No. Civ. A. 99–CV–71187, 2000 WL 356353, at *7 (E.D.Mich. Feb. 29,

considered such an exception have set a very high bar for actual innocence claims, since a substantial claim that constitutional error has caused the conviction of an innocent person should be extremely rare. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). The exception requires petitioner to "show it is more likely than not" that no reasonable juror would have found [him] guilty beyond a reasonable doubt in light of all the evidence. *Alexander v. Keane*, 991 F.Supp. 329, 339 (S.D.N.Y.1998) (citing *Schlup*, 513 U.S. at 327, 115 S.Ct. 851). The petitioner must produce evidence of innocence so strong that the court can not "have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Determinations of factual issues by the state court with respect to the habeas petition shall be presumed to be correct. 28 U.S.C. § 2254(e)(1).

The Second Circuit recently decided that it would not reach the question of whether the Constitution requires an actual innocence exception to § 2244(d)(1) unless the petitioner was able to demonstrate that he was actually innocent of the charges for which he was convicted. *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir.2000). Judicial restraint counsels us to adopt the same position. The district court spent considerable time in its opinion refuting Whalen's actual innocence claims, taking each piece of evidence to which Petitioner points and specifically discounting it. Regarding the pellet gun claim, the district court noted that "[i]n light of all the evidence pertaining to

the operability of the firearm and the doubtful credibility of petitioner's accomplice, it is most unlikely that no reasonable juror would have found petitioner guilty of the gun specification beyond a reasonable doubt." The court later noted, "[p]etitioner fails to persuade this Court of the likelihood that in light of all the evidence, including the purportedly new evidence, no juror acting reasonably would have voted him guilty beyond a reasonable doubt. Accordingly, to the extent that an actual innocence exception to the statute of limitations exists, it does not apply in this case." The district court's treatment of this issue is complete; Whalen is unable to demonstrate that he was actually innocent of the charges for which he was convicted. We thus decline to reach the question of whether the Constitution requires an actual innocence exception to § 2244(d)(1). *Lucidore*, 209 F.3d at 114.

Accordingly, we affirm the district court and conclude that even if an actual innocence exception existed here, Whalen would not benefit from it to toll the statute of limitations period under § 2244(d)(1)(A).

### F. Petitioner's § 2254 habeas corpus petition and the statute of limitations under § 2244(d)(1)

Petitioner Whalen argues that the tolling provided by his other five claims allows him to escape the one-year statute of limitations period in 28 U.S.C. § 2244(d)(1) for his habeas claim. He is correct that his application for delayed appeal under Ohio Rule of Appellate Procedure 26(B) is part of the review process eligible for tolling under 28 U.S.C. § 2244(d)(1)(A). As such, we granted him a toll for the period from

2000) (deciding that a claim of actual innocence supported by credible evidence may provide a basis for equitable tolling of the statute of limitations); *Rockwell v. Jones*, No. 99–72315, 2000 WL 973675, at *4 (E.D. Mich.

June 30, 2000) (holding that where a petitioner has diligently pursued federal habeas relief, a credible claim of actual innocence is sufficient to toll the one year statute of limitations).

June 19, 1995, when Petitioner reopened his appeal in the intermediate appellate state court under Ohio Appellate Rule 29(B)(1), to February 28, 1996, when the Ohio Supreme Court denied his appeal. However, Whalen's other four claims have no merit, and do not deserve the awarding of a toll period.

Granting Whalen the eight-month toll is not adequate to allow him to meet the one-year statute of limitations as provided in § 2244(d)(1). This toll still leaves the direct review of Whalen's claim as final before the April 24, 1996 passage of AEDPA. As such, his statute of limitations still begins to run on April 24, 1996. It runs for five months until being tolled on September 19, 1996 upon the filing of Whalen's state post-conviction petition. It remains tolled during the entire pendency of these state collateral review proceedings. *See Bennett v. Artuz,* 199 F.3d 116, 119–20 (2d Cir.1999). It then begins to run again on May 20, 1998, when the Ohio Supreme Court dismissed his appeal on the post-conviction proceeding. The statute ran for another seven months, before expiring in December 1998. Whalen's filing of his federal habeas petition, on March 1, 1999, was a few months late.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.