**Jash E. LARDIE, Petitioner,**

v.

**Thomas BIRKETT, Respondent.**

No. CIV.01–40339.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 20, 2002.

Jash Lardie, Camp Lehman, Grayling, Pro se.

Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, for Thomas Birkett, respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge.

### I. BACKGROUND

Before the Court is Petitioner's Petition for the Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 [docket entry 1], Respondent's Motion for Summary Judgement [docket entry 10], and the Report and Recommendation of the Honorable Paul J. Komives, United States Magistrate Judge [docket entry 31].

The Report and Recommendation recommended that this Court grant Respondent's Motion and dismiss the Petition because it is barred under the one-year statute of limitations of 28 U.S.C. § 2244(d). Petitioner filed a timely Objection to the Report and Recommendation [docket entry 33]. *See* Fed.R.Civ.P. 72(b). Respondent elected to not file any objections to the Report and Recommen-

dation nor any response to Petitioner's Objection.

For the reasons set forth below, the Court agrees with the recommendation of the Report and Recommendation, shall grant Respondent's Motion, and shall deny the Petition for the Writ of Habeas Corpus.

## II. STANDARD OF REVIEW

The Court's standard of review of a Magistrate Judge's report and recommendation depends upon whether a party objected to that document. As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard. *See Key v. Grayson,* 163 F.Supp.2d 697, 701–02 (E.D.Mich.2001) (Gadola, J.).

The Court reviews de novo, however, the portions of a report and recommendation to which a specific objection has been made. *Id.* Rule 72(b) of the Federal Rules of Civil Procedure provides this standard of review; it states, in pertinent part, that

[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

In this case, because the Petitioner filed timely objections to the Report and Recommendation, this Court reviews de novo those portions to which objection has been made. *See Key,* 163 F.Supp.2d at 702. ▮▮▮▮ De novo review in these circumstances entails at least a review of the evidence that faced the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See* 12 Charles A. Wright,

Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3070.2 (2d ed.1997) (citing *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir.1981)). Whether the Court supplements the record by entertaining further evidence is a matter committed to the Court's discretion. *Id.* After conducting this review, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *Key,* 163 F.Supp.2d at 702. If the Court were to adopt the Magistrate Judge's report and recommendation, the Court would not need to state with specificity what it reviewed; it is sufficient for the Court to say that it has engaged in a de novo review of the record and adopts the Magistrate Judge's report and recommendation. *See* 12 Wright, Miller & Marcus, § 3070.2.

## III. ANALYSIS

### A. Statute of Limitations

While Petitioner objected to the fact that § 2244(d) provides for a statute of limitations, he did not object to the Report and Recommendation's determination that the Petition was barred by § 2244(d)(1)(A). Nevertheless, the Court agrees with and accepts the Report and Recommendation's findings that (1) statute of limitations expired on May 15, 1999, (2) because Petitioner did not file the Petition until November 26, 2001, it is barred by the statute of limitations, and (3) tolling under § 2244(d)(2) is inapplicable here and does not save the Petition from being found untimely.

### B. Actual Innocence

In the Petition, in the Response to Respondent's Motion, and in the Objection, Petitioner has maintained his innocence. In the Report and Recommendation, Magistrate Judge Komives stated, citing nonbinding authority, "I assume that there is

an actual innocence exception to the statute of limitations." Rep. & Rec. at 5.

This Court declines to go that far. The Sixth Circuit recently stated, "[n]o actual innocence exception to § 2244(d)(1) exists in the language of the statute itself, and this Circuit has yet to endorse an actual innocence exception." *Whalen v. Randle,* 37 Fed.Appx. 113, 120 (6th Cir.2002). *But see Holloway v. Jones,* 166 F.Supp.2d 1185, 1190 (E.D.Mich.2001) (Tarnow, J.) In exercising judicial restraint, this Court follows the path taken by the Sixth Circuit in *Whalen;* the Court will not reach the question of whether there is an "actual innocence" exception to § 2244(d)(1) unless a petitioner is able to demonstrate actual innocence of the charges for which he was convicted. *See Whalen,* 37 Fed.Appx. at 121 (citing *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 114 (2d Cir. 2000)).

▉ In this case, as in *Whalen,* the Petitioner has not demonstrated that he was actually innocent of the charges for which he was convicted: three counts of operating a motor vehicle while under the influence of liquor causing death and one furnishing alcohol to minors.

Petitioner claims he is innocent because his injuries and the injuries of the other surviving occupant of the car "prove" that the other surviving occupant, not the Petitioner, was the driver. Petitioner also maintains that the other surviving occupant lied to police and at trial. The Report and Recommendation's handling of these assertions is convincing:

The jury considered this same evidence at trial and rejected it, finding him guilty.... A petitioner cannot establish his actual innocence merely by rehashing his innocence claims raised in the state courts and relying on the evidence adduced at trial. If he could, federal habeas review would become nothing more than a second trial on the merits,

something the Supreme Court has repeatedly admonished the federal courts to avoid.

Rep. & Rec. at 6 (citing *Milton v. Wainwright,* 407 U.S. 371, 377, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972)).

In addition to these claims of innocence, Petitioner stated in the Petition:

There are more evidences that also prove that [the other surviving occupant] was the driver and not the petitioner but to go into any sort of detail would take a number of pages. To briefly touch on these other evidences, there was a paramedic who heard [the other surviving occupant] say he was the driver at the scene of the accident but mistaked [the other surviving occupant] for the petitioner. There is a number of evidences that prove it was really [the other surviving occupant] who said he was the driver and not petitioner like the paramedic testified to at trial.

Petition at 3. Petitioner failed to describe the paramedic's purportedly mistaken testimony any further in the Petition.

However, in responding to the Report and Recommendation in the Objection, Petitioner raises the issue of the paramedic's testimony in significantly more detail. Petitioner asserts that his hands were "covered with blood" because he elevated a victim's wounded head to perform cardiopulmonary resuscitation. Petitioner further states that the paramedic testified that he saw a person drag the victim off the road by the victim's wrist or hand and that that person confessed to being the driver. Finally, Petitioner claims that the victim's wrist and hand were not covered with blood. Putting these three items together, Petitioner concludes:

If petitioner was the one who dragged [the victim] off of the road then [the victim's] hand and wrist would have had blood on it. This is new evidence that

was not brought up at trial that proves [the other surviving occupant] was the one who dragged [the victim] off of the road and was the one who confessed to the paramedic that he was the driver of the car.

Objection at 1.

This conclusion is eroded by Petitioner's admission in the Objection that once he discovered the blood on his hands, he "wip[ed] his hands off in his pants..." Objection at 1. By stating that he wiped his hands of blood, Petitioner raises the question of whether his hands would have even left any blood, as Petitioner argues, on the victim's wrist or hand. Petitioner's response to this question would be a temporal justification: he was wiping his hands at the same time the dragging occurred and the paramedic arrived. *See* Objection at 1. However, beyond his assertion of the time coincidence, Petitioner does not cite or offer any support to back up his account. Likewise, beyond Petitioner's assertion that there was no blood on the victim's wrist or hand, Petitioner does not cite or offer any support to substantiate this claim. Furthermore, if a victim was bleeding as badly as Petitioner states this victim was, it is difficult to believe that the victim's wrist and hand did not have blood on them. Therefore, while Petitioner's claims are possible, they are not convincing enough to overturn a jury's determination.

Next, Petitioner further claims that "[t]here are at least five evidences that prove that the paramedic who heard the driver of the car confess to the crime, mistaked [the other surviving occupant] for petitioner." Objection at 3. However, Petitioner failed to set forth five "evidences" in the Objection; rather, there only appear to be two. The first seems to be the aforementioned claim involving the bloody hands. The second is an assertion that the person who admitted to the par-

amedic to being the driver purportedly also told the paramedic "help my friend" and that Petitioner allegedly was not the victim's friend but the other surviving occupant was.

After considering these claims, the Court finds that Petitioner has not persuaded the Court of the "likelihood that[,] in light of all the evidence, including the purportedly new evidence, no juror acting reasonably would have voted him guilty beyond a reasonable doubt." *Whalen*, 37 Fed.Appx. at 121. Accordingly, to the extent that any actual innocence exception to the statute of limitations exists, it does not apply in this case. *See id.*

## IV. CONCLUSION

Therefore, after a de novo review of the matter, the Court agrees with and accepts the Report and Recommendation's conclusion on the disposition of this case.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgement is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition for the Writ of Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability, Petitioner shall file a MOTION for a certificate of appealability within thirty (30) days of the entry of this order and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Brown v. United States*, 187 F.Supp.2d 887, 889–92 (E.D.Mich.2002) (Gadola, J.); *Payne v. Bell*, 194 F.Supp.2d 739, 757–58 (W.D.Tenn.2002). Respondent shall, if it so desires, file a response with an appropriate brief, both of which shall comply with the Local Rules, within thirty days

(30) of the filing of Petitioner's motion for a certificate of appealability.

**SO ORDERED.**