Michael J. SPOONER, Petitioner,

v.

Andrew JACKSON, Respondent.

No. CIV.01–40041.

United States District Court,
E.D. Michigan,
Southern Division.

June 10, 2004.

Laura G. Moody, Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Andrew Jackson.

James R. Gerometta, Andrew N. Wise, Fed. Defender Office, Detroit, MI, for Michael Spooner.

### *OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*

GADOLA, District Judge.

In 1995, in the face of a first-degree murder charge, which carried a life sentence without the possibility of parole, Petitioner pled guilty in the State of Michigan Circuit Court for the County of Genesee to second-degree murder, armed robbery, possession of a firearm by a felon,[1] felony firearm, and being a habitual offender and was sentenced to life imprisonment with the possibility of parole. After exhausting his state court remedies, Petitioner, who is currently incarcerated at the State of Michigan's Macomb Correction Facility, filed a petition for the writ of habeas corpus in this Court in 2001. *See* 28 U.S.C. § 2254.

The Court referred the petition to the Honorable Donald A. Scheer, United States Magistrate Judge. *See* Fed. R.Civ.P. 72; E.D. Mich. LR 72.1(b)(2). On December 10, 2003, Magistrate Judge Scheer held an evidentiary hearing on the matter. *See* Fed.R.Civ.P. 72(b); E.D. Mich. LR 72.1(b)(2). On April 5, 2004, Magistrate Judge Scheer issued a report and recommendation in which he recommends denying the petition. On May 3, 2004, Petitioner filed timely objections to the report and recommendation. Respondent did not file any objections, and Respondent elected not to respond to Petitioner's objections. For the reasons set forth below, the Court agrees with Magistrate Judge Scheer's recommendation and will deny the petition.

■ The Court's standard of review of a magistrate judge's report and recommendation depends upon whether a party objected to that document. As to the parts of a report and recommendation to which no party has objected, the Court need not conduct a review by any standard. *See Lardie v. Birkett,* 221 F.Supp.2d 806, 807 (E.D.Mich.2002) (Gadola, J.).

■ The Court reviews de novo, however, the portions of a report and recommendation to which a specific objection has been made. *Id.* Rule 72(b) of the Federal Rules of Civil Procedure provides this standard of review; it states, in pertinent part, that

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made

---

1. Petitioner has a prior federal felony conviction: possession of an unregistered firearm, 26 U.S.C. § 5861(d). *See* Tr. (St. Prelim. Hearing Aug. 5, 1994) at 101–03. On October 1, 1992, the Honorable Stewart Newblatt, United States District Judge, sentenced Petitioner to twenty-one months of imprisonment. *See United States v. Spooner,* No. 92–50039–02, Judgment (E.D.Mich. Oct. 1, 1992).

in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). Here, because Petitioner filed timely objections, the Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F.Supp.2d at 807.

 De novo review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation. *See* 12 Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 3070.2 (1997) (citing *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir.1981)). Whether the Court supplements the record by entertaining further evidence is a matter committed to the Court's discretion. *See* 12 Wright, *Federal Practice* § 3070.2. After conducting this review, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F.Supp.2d at 807. If the Court were to adopt a report and recommendation, the Court would not need to state with specificity what it reviewed; it is sufficient for the Court to say that it has engaged in a de novo review of the record and adopts the report and recommendation. *See id.*; 12 Wright, *Federal Practice* § 3070.2.

In this case, Petitioner challenges his guilty plea on Sixth Amendment grounds: ineffective assistance of counsel. In his primary attack, Petitioner claims that his trial counsel's ineffective assistance resulted in a constitutionally invalid guilty plea, i.e., a plea that was neither voluntary nor intelligent. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Petitioner also claims that his appellate counsel was ineffective in failing to bring his trial counsel's deficient perform-

ance to the attention of the appellate courts of Michigan. The Court agrees with Magistrate Judge Scheer's recommendation to deny the petition because, even reviewing his habeas claims under the Petitioner-favorable de novo standard, Petitioner has failed to show a violation of his constitutional rights. *See Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir.2003); Objs. at 5–6.

Challenges to guilty pleas based upon ineffective assistance of counsel claims are governed by the familiar two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill*, 474 U.S. at 58–59, 106 S.Ct. 366. To establish that his counsel was ineffective, Petitioner must show that (1) "counsel's performance was deficient" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694, 104 S.Ct. 2052. The second part of the *Strickland* test is also known as the "prejudice requirement." In the context of a challenge to a guilty plea, the prejudice requirement is "focuse[d] on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir.2003) (emphasis added) (quoting *Hill*, 474 U.S. at 59, 106 S.Ct. 366).

Petitioner claims that his trial counsel rendered ineffective assistance in the form of inaccurate sentencing advice. In this case, Petitioner first rejected a plea agreement that would have made him eligible for parole in twenty years and then accept-

ed a subsequent offer that made him eligible for parole in fifteen years. With respect to the subsequent offer, however, trial counsel incorrectly advised Petitioner that Petitioner would be eligible for parole in ten years. This five-year difference in potential parole dates is the heart of Petitioner's ineffective assistance of trial counsel claim. It should be further noted that trial counsel further advised Petitioner that, under the circumstances, Petitioner had no "realistic possibility" of being paroled in ten years. Tr. (Evid. Hearing Dec. 10, 2003) at 8.

Magistrate Judge Scheer concluded that trial counsel's faulty parole-eligibility advice constituted an unprofessional error satisfying the first part of the *Strickland* test. While this conclusion is open to debate, *cf. United States v. Stephens,* 906 F.2d 251, 253–54 (6th Cir.1990) ("the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a fair and just reason to allow withdrawal of a plea agreement." (internal quotations omitted)); *United States v. Nimocks,* No. 99–5296, 2000 WL 1679469, at *5 (6th Cir. Nov.2, 2000) (following *Stephens* ); *cf. also Nagi v. United States,* 90 F.3d 130, 135 (6th Cir.1996) (holding that counsel's assistance was not ineffective even though counsel used the wrong version of the federal sentencing guidelines because counsel's performance "was based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence."), no one has objected to this conclusion; thus, the Court will move onto the second part of the *Strickland* test. *See Lardie,* 221 F.Supp.2d at 807.

■ Again, as stated above, to satisfy *Strickland's* prejudice requirement, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith,* 348 F.3d at 551 (quoting *Hill,* 474

U.S. at 59, 106 S.Ct. 366). Here, Petitioner testified at the evidentiary hearing before Magistrate Judge Scheer that, had his trial counsel accurately advised him that his earliest possible parole date was in fifteen years, rather than in ten years, he would not have pled guilty and would have insisted on going to trial. *See* Tr. at 25–27. If this testimony was credible and true, it would certainly help satisfy *Strickland's* prejudice requirement in this situation. However, after hearing Petitioner's testimony, Magistrate Judge Scheer concluded that this testimony was "thoroughly incredible." R & R at 11. Magistrate Judge Scheer reasoned:

> Petitioner has testified under oath (at his guilty plea) that he committed the crimes charged against him, and (at the evidentiary hearing) that he did not. Although each version served [Petitioner's] perception of his best interests at the time it was offered, both cannot be true. His willingness to lie in the service of his own agenda is manifest, and his credibility devastated by it.

*Id.*

After a de novo review of the record, the Court concurs in Magistrate Judge Scheer's credibility determination. *See* 12 Wright, *Federal Practice* § 3070.2. The Court concludes that Petitioner's self-serving testimony—that he would not have pled guilty but for trial counsel's error and would have insisted on going to trial—lacks credibility for four reasons. First, at the evidentiary hearing, Petitioner boldly stated that he lied under oath to the state court during his guilty plea hearing. *See* Tr. at 24. Although Petitioner now believes he had good reason to lie under oath at the plea hearing, *see* Objs. at 8 (citing *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)), he was either lying then or is lying now, and the reality of his untruthfulness under oath

undermines his credibility as a witness. Second, the case against Petitioner was overwhelming, as attested to by his appellate counsel, *see* Tr. at 20,[2] and, "in light of the record, his admissions of guilt are ... more convincing than his present claims of innocence" and his assertions that he would have insisted on going to trial.[3] *Holtgreive v. Curtis*, 174 F.Supp.2d 572, 587 (E.D.Mich.2001) (citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Third, given the strong case against Petitioner, his guilty plea, contrary to Petitioner's argument in his objections, *see* Objs. at 8, provided substantial benefits to him: not only did the plea agreement make him parole-eligible on his second-degree murder charge, he also obtained concurrent (as opposed to consecutive) terms for his armed robbery, conspiracy to commit armed robbery, and possession of a firearm by a felon charges. *See* Tr. (St. Sent'g Apr. 6, 1995) at 7. Such benefits demonstrate that Petitioner made a logical and rational choice in pleading guilty. Thus, such benefits increase the credibility of his admissions of guilt and correspondingly decrease the credibility of his testimony at the evidentiary hearing. Finally, prior to this case, Petitioner had a prior felony conviction, *see supra* n. 1, which further undermines his credibility as a witness. *Cf.* Fed.R.Evid. 609(a)(1). For these reasons, Petitioner's testimony at the evidentiary hearing that he would not have pled guilty but for trial counsel's error and would have insisted on going to trial is incredible.

Beyond his self-serving, incredible testimony, Petitioner has not offered any evidence that, but for his trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. As Respondent aptly points out: "No one else supported his testimony, not even his own attorneys." Resp. Supp. Br. at 10. Thus, the Court concludes that Petitioner has failed to show that there was a reasonable probability that, but for his trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59, 106 S.Ct. 366. Therefore, Petitioner has failed to satisfy *Strickland's* prejudice requirement in this situation, and, consequently, Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim.

■ This conclusion vitiates Petitioner's ineffective assistance of appellate counsel claim. Since Petitioner cannot establish prejudice under *Strickland* for his ineffective assistance of trial counsel claim, his appellate counsel did not err in failing to raise trial counsel's error on appeal; counsel need not pursue futile arguments on appeal. *See Fairley v. United States*, 298 F.Supp.2d 679, 685 (E.D.Mich.2004) (Gadola, J.); *Jackson v. United States*, 248

---

2. Appellate counsel testified: "[I]n light of the circumstances of the case, including ... what I would consider, ... from my review of the file, overwhelming evidence, and [I do] not lightly use[ the word] overwhelming, and in my experience as an attorney for fifteen years, that his claim that that single factor[, i.e., his trial counsel's parole-eligibility error,] was the 'but for' cause [of his guilty plea] was not particularly convincing." Tr. at 20. Appellate counsel worked in Michigan's State Appellate Defender Office for approximately fifteen years. *See id.* at 12.

3. Consideration of his possible success at trial, at least as it impacts on his credibility as a witness, is a valid consideration, contrary to Petitioner's argument in his objections, *see* Objs. at 6–7 (citing *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir.1990)); this is one of the many guilty-plea situations in which it is necessary to consider the outcomes at a possible trial. *See Hill*, 474 U.S. at 59–60, 106 S.Ct. 366.

F.Supp.2d 652, 657 (E.D.Mich.2003) (Gadola, J.). Alternatively, Petitioner cannot show that he was prejudiced by his appellate counsel's failure to raise this issue on appeal. Therefore, Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

Therefore, after considering all the arguments raised in Petitioner's objections and after a de novo review of the matter, the Court will deny the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for the writ of habeas corpus is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (**"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."**) (emphasis added). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**