**Thomas J. LYONS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. CIV. 03–40293.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 29, 2004.

Lewis M. Seward, Seward, Tally, Bay City, MI, for Plaintiff.

Robert W. Haviland, U.S. Attorney's Office (Flint), Flint, MI, Susan K. (AUSA) DeClercq, U.S. Attorney's Office (Detroit), Detroit, MI, for Defendant.

### ORDER ACCEPTING REPORT AND RECOMMENDATION

GADOLA, District Judge.

## I. INTRODUCTION

In this civil action, Plaintiff Thomas J. Lyons seeks review of a denial of disability insurance benefits by the Commissioner of Social Security. Before the Court are Plaintiff's motion for remand, Defendant Commissioner's motion for summary judgment, and the Report and Recommendation of the Honorable Virginia Morgan, United States Magistrate Judge. The background of this case is set forth in the Report and Recommendation. *See* Rep. & Rec. at 1–5. The Magistrate Judge recommends that this Court deny Plaintiff's motion for remand, grant Defendant Commissioner's motion for summary judgment, and affirm the Agency's denial of benefits. Plaintiff filed objections to the Report and Recommendation. Defendant Commissioner did not file objections or respond to Plaintiff's objections. For the reasons stated below, the Court will overrule Plaintiff's objections and will accept the Report and Recommendation.

## II. LEGAL STANDARD

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F.Supp.2d 806, 807 (E.D.Mich.2002) (Gadola, J.). If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie,* 221 F.Supp.2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part, that

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify

the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie,* 221 F.Supp.2d at 807.

■■■ De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, *Federal Practice* § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F.Supp.2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.;* 12 Wright, *Federal Practice* § 3070.2.

## III. ANALYSIS

Plaintiff submits seven objections to the Report and Recommendation. The Court has reviewed those aspects of the Report and Recommendation to which Plaintiff objects and the underlying evidence in the record. Having conducted this review under the de novo standard as detailed above, the Court concludes that the Magistrate Judge's reasoning and conclusions are sound and will therefore overrule the objections.

Plaintiff's first objection claims that the Report and Recommendation fails to follow established case law in analyzing the hypothetical question used by the administrative law judge ("ALJ") to determine the range of jobs Plaintiff was capable of performing. Plaintiff takes issue with the Magistrate Judge's interpretation that *Davis v. Secretary,* 915 F.2d 186 (6th Cir. 1990), allows for a hypothetical question to portray impairments "as stated by a treating physician." Rep. & Rec. at 5–6. This objection lacks merit. Immediately after citing *Davis,* the Report and Recommendation stated that a hypothetical question "is also sufficient if it restates a residual functional capacity which is supported by substantial evidence." Rep. & Rec. at 6 (citing *Smith v. Halter,* 307 F.3d 377, 378–80 (6th Cir.2001)). The opinion of a treating physician may constitute substantial evidence. *See* 20 C.F.R. §§ 404.1527 and 416.927.

Plaintiff's second objection claims that the Report and Recommendation incorrectly evaluated the ALJ's assessment of Plaintiff's mental impairments. Plaintiff claims that the ALJ failed to accurately portray the effects of Plaintiff's mental impairments when posing the hypothetical question. The ALJ took into account Plaintiff's depression and borderline personality disorder by including limitations within the hypothetical regarding the ability to carry out detailed instructions, to pay attention, to maintain concentration, and limiting the possible jobs to simple, unskilled, and routine work. *See* Tr. at 362. The Report and Recommendation found this to be sufficient. Rep. & Rec. at 6–7. Plaintiff contends that the Report and Recommendation should have found that the ALJ erred in not considering all of the factors listed in 20 C.F.R. § 404.1545. The factors in § 404.1545, however, are listed by way of example, as is indicated by the

language of the regulation: "A limited ability to carry out certain mental activities, *such as* limitations in understanding, remembering, and carrying out instructions...." 20 C.F.R. § 404.1545(c).

■ Plaintiff places special importance on the fact that the ALJ found Plaintiff's depression and borderline personality disorder to be "severe." The label "severe," is for the purposes of the second step in the five step process, which requires that Plaintiff's impairment be "severe" before he can be found to be disabled. *See* 20 C.F.R. § 404.1520. The hypothetical question, however, which portrayed Plaintiff's impairments was for the fourth step, which requires that Plaintiff's impairments prevent him from performing his past work before he can be considered disabled. *See Id.* A finding that Plaintiff has a particular impairment, or that the impairment is severe for the purposes of step two, does not establish the severity of that impairment for subsequent steps: "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.2003). Substantial evidence in the record establishes that the ALJ adequately portrayed Plaintiff's mental impairments in the hypothetical question.

■ Plaintiff's third objection claims that the Report and Recommendation should have found the hypothetical question insufficient for failing to incorporate three of Plaintiff's mental impairments. This objection is without merit, as the Sixth Circuit recently held that hypothetical questions need not contain lists of a claimant's medical conditions because it is the ALJ, not the vocational expert, that "is charge with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] residual functional capacity.'" *Webb v.*

*Comm'r Soc. Sec.*, 368 F.3d 629, 633 (6th Cir.2004).

Plaintiff's fourth objection takes issue with the Report and Recommendation's finding that it was not necessary to include Plaintiff's impairment of migraine headaches in the hypothetical question. Plaintiff asserts that the hypothetical question wholly failed to account for this impairment. This is incorrect, though, because the ALJ took into account Plaintiff's migraine headaches in the same manner as his other mental impairments, that is by including limitations within the hypothetical regarding the ability to carry out detailed instructions, to pay attention, to maintain concentration, and limiting the possible jobs to simple, unskilled, and routine work. *See* Tr. at 362. As explained above, hypothetical questions to vocational experts need not contain lists of a claimant's medical conditions. *Webb*, 368 F.3d at 633.

Plaintiff's fifth objection takes issue with the Magistrate Judge's finding that the ALJ did not err in giving little weight to the testimony of certain treating sources. In particular, Plaintiff claims that the Report and Recommendation erred in finding that the statement "he moves slowly and deliberately in the examination room in obvious pain" was a subjective statement. Rep. and Rec. at 8. Plaintiff also objects to the Report and Recommendation's finding that the testimony of certain treating sources was inconsistent with prior testimony by the same sources and evidence from other sources. Plaintiff further claims that the ALJ failed to considered the factors required by 20 C.F.R. § 404.1527, namely, the examining relationship, the treatment relationship, supportability, consistency, specialization, etc. *See* 20 C.F.R. § 404.1527.

■ Plaintiff's objection is without merit. The Report and Recommendation's label of subjective for the statement "he moves slowly and deliberately in the examination room in obvious pain" is better read in reference to the credibility of Plaintiff's displays of pain, rather than in reference to the physician's observation of Plaintiff's gait. Also, the testimony in question is clearly inconsistent with prior statements by the treating source and evidence supplied by other sources. Finally, the ALJ's decision specifically states that it evaluated the treating source in accordance with 20 C.F.R. § 404.1527. *See* Tr. at 28.

Plaintiff's sixth and seventh objections take exception to the Magistrate Judge's finding that an MRI of Plaintiff's lumbar spine produced four months after the ALJ's decision is not grounds for a remand. This Court may remand Plaintiff's case based on new evidence after the ALJ's final decision, provided that Plaintiff proves the evidence is new and material, and that he had good cause for not including it in the administrative hearing. *See* 42 U.S.C. § 405(g); *Oliver v. Sec'y of H.H.S.*, 804 F.2d 964, 966 (6th Cir.1986). To be material, the evidence must relate to the time period during which he was allegedly disabled. *See Wyatt v. Sec'y of H.H.S.*, 974 F.2d 680, 685 (6th Cir.1992).

■ Plaintiff contends that the evidence is relevant to the time period up to the time the ALJ rendered her decision because the degenerative condition discovered by the MRI probably existed during that time. Plaintiff further asserts that he referenced the condition in hearing before the ALJ and that financial constraints prevented him from obtaining the evidence sooner. *See* Tr. at 357 and 301. Nevertheless, the MRI was taken four month after the ALJ's decision, and substantial evidence in the record establishes that Plaintiff's complaints of disability regarded neck pain and depression and did not encompass back problems; therefore, the evidence is immaterial. If the Agency's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983), *and Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999). This Court is reluctant to remand Plaintiff's case based on new evidence that documents a deterioration in Plaintiff's condition after the administrative decision became final. *See Wyatt*, 974 F.2d at 685.

## IV. CONCLUSION

Consequently, after a de novo review of this matter, the Court finds that there is substantial evidence to support the ALJ's findings that Plaintiff was not entitled to disability insurance benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry 15] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation [docket entry 14] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for remand [docket entry 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [docket entry 12] is **GRANTED**.

**SO ORDERED.**