## PUBLIC NAT. BANK OF NEW YORK v. KEATING, Receiver of Taxes, et al.

District Court, S. D. New York. July 24, 1928.

Martin Saxe, of New York City, for plaintiff.

William H. King, of New York City, for defendants.

Before L. HAND and AUGUSTUS N. HAND, Circuit Judges, and BONDY, District Judge, sitting as a statutory court constituted under section 266 of the Judicial Code.

PER CURIAM. Section 266 of the Judicial Code, so far as relevant, reads as follows: "No * * * injunction * * * restraining the enforcement * * * of any statute of a state by restraining the action of any officer of such state in the enforcement

* * * of such statute, or * * * of an order made by an administrative board or commission acting under * * * the statutes of such state, shall be issued * * * upon the ground of the unconstitutionality of such statute" except by a court of three judges. It is apparent that three judges are necessary only when the suit is to restrain an "officer of such state" who proposes to enforce a statute or the order of an administrative board.

The receiver of the city of New York and its city collector are not officers of the state, except in so far as, like all other public officers, they indirectly derive their powers from the Legislature. They are both appointed by the comptroller of the city, himself an officer of the city. They have no duties, except in respect of collecting the taxes levied by the city's assessing officers. Unless all municipal officials are within the class mentioned in the section, they are not.

Until the decision of the Supreme Court in Ex parte Collins, 48 S. Ct. 585, 72 L. Ed. ——, June 4, 1928, it was open to some doubt what was the proper meaning of the phrase. There had been some cases in which the defendants were local municipal officers and the merits had been considered; they are cited in Ex parte Collins, with the comment that in none had the point been considered. Conversely, in other cases the cause had been disposed of by a single judge. We think that Ex parte Collins has settled the question. It is quite true that in that case the constitutionality of the statute was involved only through a municipal resolution, which determined that a local improvement should be made, and it was held that the suit was one to enjoin the resolution itself, though the sole complaint was as to the procedure provided in the statute. Even if that were taken as the entire scope of the decision, the assessment for taxes by a board of the city tax assessors seems to us to be an "order of a city board," as that phrase was used. Upon this point the court cited with approval City of Dallas v. Dallas Telephone Co., 272 F. 410 (C. C. A. 5), a case which held that a court of three judges was not necessary to review the validity of the order of a city board of commissioners fixing telephone rates within the city. It appears to us that the assessment of a board of tax commissioners must be treated as of the same kind. However, the scope of the decision is not to be so limited; it also held that "local officers" were not "officers of such state," when "the suit involves matters of interest only to the particular municipality or district

involved." Upon this point the court cited Connor v. Board of Commissioners, 12 F. (2d) 789 (D. C. S. D. Ohio), in which the suit was to enjoin a board of county commissioners from proceeding to establish a sewerage district and to assess the cost upon adjacent lands. It was held that, as the commissioners were local officers, section 266 did not control, and two of the judges withdrew. This decision in turn rested upon an earlier ruling of the same court, Connecting Gas Co. v. Imes (D. C.) 11 F.(2d) 191, where the bill was of substantially the same kind as here; that is, it sought to enjoin five county treasurers from collecting taxes alleged to have been assessed by discriminatory assessments.

The only matter of doubt appears to us to be the meaning of the sentence quoted above, suggesting that the matter at stake must be of only local interest. The defendants are indeed local officers, but in accordance with very general practice the state collects her taxes in part through municipalities. To this extent, therefore, they act for the state, and the issue is of more than local interest. It may be that the language used was meant to cover the case of a local officer in whom was vested power to enforce statutes of state-wide concern, as, for instance, local state's attorneys. We do not, however, believe that it was meant to cover the fiscal officers of a city or county, merely because the state shared in their collections. That was probably the case in Connecting Gas Co. v. Imes, but it was held to be not enough. Were it so, the result would be that three judges must sit, and the Supreme Court hear appeals, in every case in which a taxpayer challenges on constitutional grounds the validity of any tax whatever, for the state shares in them all. This we regard as impossible. The recent decisions of the Supreme Court prove that it is acutely aware of the burden which a loose construction of the section will bring upon itself and upon the District Courts. It would be a strained interpretation that let in all cases in which the state has an indirect and small concern.

Nor can we read the sentence quoted as meaning that the matter involves more than local interests, when as a precedent it may prove binding generally. Ex parte Collins was itself such a case; a decision on the merits would have determined the validity of the state statute, not only for the city of Phœnix, but for the whole state of Arizona. We think it enough to dispose of the case at bar to say that the conduct proposed to be enjoined is no more than the collection

by local city officials of a tax primarily for the use of the city.

Therefore the two Circuit Judges will withdraw from the cause and the District Judge will dispose of it like any other case in this court.