**Gounod RODRIGUEZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 132, Docket 91–2105.**

United States Court of Appeals, Second Circuit.

Argued Sept. 25, 1991.

Decided Dec. 5, 1991.

Gounod Rodriguez, pro se.

George Edelstein, New York City, for petitioner-appellant.*

* For limited purpose of argument only pursuant to Order dated August 27, 1991.

Patrick J. Fitzgerald, Asst. U.S. Atty., S.D.N.Y. (Otto Obermaier, U.S. Atty., S.D.N.Y., John W. Auchincloss II, Asst. U.S. Atty., New York City, of counsel), for respondent-appellee.

Before MESKILL, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Gounod Rodriguez appeals from Judge Leisure's denial of his motion to vacate the supervised release portion of his sentence. Count I of Rodriguez's indictment charged him with conspiring to distribute cocaine in violation of 21 U.S.C. § 846 (1988). Count II charged him with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) (1988) and 18 U.S.C. § 2 (1988). Rodriguez pleaded guilty to Count I in exchange for the dismissal of Count II. The district court sentenced Rodriguez to thirty-months imprisonment, a four-year period of supervised release, and a special assessment of fifty dollars. On September 11, 1990, Rodriguez filed the instant *pro se* petition to vacate the supervised release portion of his sentence pursuant to 28 U.S.C. § 2255 (1988). Judge Leisure denied the petition.

Rodriguez argues that at the time of his offense, November 14, 1988, a violation of section 846 could not be penalized by a sentence including supervised release. Prior to its amendment on November 18, 1988, section 846 read as follows:

Any person who attempts or conspires to commit any offense defined in this subchapter *is punishable by imprisonment or fine or both* which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (1982) [1] (emphasis added). In *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the Supreme Court held that section 846 did not authorize special parole, the predeces-

sor of supervised release. *Id.* at 400, 100 S.Ct. at 2258. The Court based its decision both on the plain meaning of the statute as well as on its legislative history, which indicated a Congressional desire to differentiate between substantive and conspiracy offenses. *Id.* at 388–400, 100 S.Ct. at 2252–2259. Although the Court's holding addressed only special parole, *Bifulco*'s holding applies with equal force to supervised release. *See United States v. Cardenas*, 917 F.2d 683, 688 (2d Cir.1990).

Thus, if section 846 were the sole source of sentencing authority, Rodriguez would prevail. However, Judge Leisure was correct in looking to the Sentencing Reform Act and resultant Sentencing Guidelines ("Guidelines") for authority to impose supervised release. Congress authorized the Sentencing Commission to promulgate the Guidelines in 28 U.S.C. § 994(a). Moreover, section 994(a)(1)(C) authorizes the Commission to include in the Guidelines terms of supervised release as part of criminal sentencing. The Guidelines became effective on November 1, 1987, over a year before Rodriguez's offense. Section 2D1.4(a) provides: "If a defendant is convicted of a conspiracy to commit any offense involving a controlled substance, the offense level *shall* be the same as if the object of the conspiracy or attempt had been completed." U.S.S.G. § 2D1.4(a) (emphasis added). Here, the base offense level for the substantive narcotics offense, 21 U.S.C. § 841(a)(1), involving one kilogram of cocaine and without any downward departures, is twenty-six under Guidelines § 2D1.1(c)(9), which requires a minimum sentence of sixty-three months imprisonment. Section 5D1.1(a) provides: "The court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed...." Section 2D1.4(a) of the Guidelines thus altered the application of the pertinent version of section 846 by

---

**1.** Section 846, as modified by the 1988 amendment, now reads: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commis-

sion of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (1988). The modified section 846 became effective as of January 1, 1989.

authorizing supervised release as a penalty for a conspiracy offense.

In relying upon Section 2D1.4(a) of the Guidelines, Judge Leisure followed Chief Judge Brieant's decision in *United States v. Guilmartin,* 727 F.Supp. 134, 135 (S.D.N.Y.1989). As Chief Judge Brieant stated in *Guilmartin,* "[i]t is not inconsistent with *Bifulco* to find that, though initially different at least insofar as imposition of terms of special parole is concerned, §§ 841 and 846 have been coextensive in their penalty terms since the effective date of the federal Guidelines." *See also United States v. Wallendorf,* 737 F.Supp. 1018, 1020 (N.D.Ill.1990) (following *Guilmartin*). *Guilmartin* took the view that the Sentencing Reform Act was intended in part to eliminate disparities in sentencing that were still possible under the old section 846 and that the Guidelines achieved that purpose by providing the same "base offense level" for both substantive and conspiracy narcotics offenses. Chief Judge Brieant thus concluded that it is both logical and reasonable to believe that "the Guidelines made substantive revisions to *both* §§ 841 and 846: they *substituted* 'supervised release' for 'special parole' in § 841, while *adding* 'supervised release' to the penalties available under § 846." *Guilmartin,* 727 F.Supp. at 135 (emphasis in original).

The only issue that may be taken with this analysis is that it makes the 1988 amendment of section 846, *see* Note 1 *supra,* redundant and thus superfluous. It might thus be argued that, if the Guidelines altered the penalty provision of the old section 846, then there was no need to enact the 1988 amendment of section 846, which made the penalty provisions of sections 841 and 846 coextensive. *See* 21 U.S.C. § 846 (1988) (amending 21 U.S.C. § 846 (1982)). However, the 1988 amendment of section 846 incorporated all the penalties available for substantive offenses. The amendment thus did not reflect a specific concern on Congress's part about the unavailability of supervised release.

Moreover, as Chief Judge Brieant stated in *Guilmartin:*

[The redundancy argument] presumes a highly unlikely degree of familiarity with the details of Guideline sentencing on the part of Congress. The Guidelines revised a vast number of federal penal statutes indirectly—by reducing judicial discretion, standardizing sentences, and equalizing the presumptive penalties applicable to different substantive crimes....

... It matters little whether, at the time movant committed the crime for which he was sentenced, Congress expressed its judgment in the form of Sentencing Guidelines or in the form of an amendment to the statute itself. In either event, the will of Congress was made known, and individuals were able to conform their conduct to the requirements of the law with full awareness of the consequent penalties should they fail to do so.

*Guilmartin,* 727 F.Supp. at 135–36. We agree with Chief Judge Brieant that the vast numbers of changes worked by the Guidelines deprive the redundancy argument of any persuasive weight.

Additional support for Rodriguez's term of supervised release is found in section 3583(a) of Title 18, which reads:

The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment,* except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.

18 U.S.C. § 3583(a) (1988) (emphasis added). Section 3583 thus authorizes the imposition of supervised release for all federal felonies and misdemeanors. *See Cardenas,* 917 F.2d at 688 ("[b]ecause no term of supervised release is authorized by § 846, the only statutory authority providing for supervised release is the catch-all provision § 3583(b)"); *see also United States v. Osborne,* 931 F.2d 1139, 1144–46 (7th Cir. 1991) (same); *United States v. Jordan,* 915

F.2d 622, 629–31 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991) (same); *United States v. Van Nymegen*, 910 F.2d 164, 165–66 (5th Cir.1990) (same).

Rodriguez argues that interpreting section 3583 to authorize supervised release for section 846 conspiracies also renders the subsequent amendment to section 846 superfluous. However, as noted, the 1988 amendment to section 846 made all penalties available for the substantive narcotics crimes applicable to conspiracies, including mandatory minimum jail terms as well as supervised release. *See* Note 1, *supra*. The redundancy argument is, therefore, again not persuasive.

Affirmed.