**Guillermo PICAT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 91 Civ. 7323 (DNE).

United States District Court, S.D. New York.

March 21, 1995.

---

Guillermo Picat, pro se.

*MEMORANDUM & ORDER*

EDELSTEIN, District Judge:

Petitioner Guillermo Picat, *pro se,* brings this motion to vacate, set aside, or correct his

---

sentence, pursuant to 28 U.S.C. § 2255.[1]

## BACKGROUND

Guillermo Picat ("Picat") was convicted, after a jury trial, of one count of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846. The proof at trial showed that in October 1988, Picat and several other persons agreed to purchase in excess of 100 kilograms of marijuana from a confidential informant. Picat and the other defendants were arrested on October 19, 1988, after they arrived at a prearranged location with approximately $36,000 in cash. On April 9, 1990, following Picat's conviction, this Court sentenced Picat to a ninety-six month term of imprisonment to be followed by an eight-year term of supervised release.

Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[2] Petitioner contends that his sentence was illegal because at the time he violated 28 U.S.C. § 846, this Court lacked the authority to sentence him to a term of supervised release for such a violation. He contends that, under § 846, this Court only had authority to impose a term of imprisonment and a fine.

1. In relevant part, § 2255 states:

    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
    *See also* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 1 advisory committee's note (comparing § 2255 motion with writ of habeas corpus).

2. Although this Court has construed petitioner's motion as a motion for relief under 28 U.S.C. § 2255, it should be noted that petitioner styled this motion as a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a) ("Rule 35(a)"). Petitioner erred in bringing this motion pursuant to Rule 35(a) because this rule only applies to cases in which it has been "determined on appeal under 18 U.S.C. 3742" that the defendant's sentence was "im-

## DISCUSSION

Petitioner's claim is within the scope of § 2255 because his claim alleges that his sentence is in excess of the maximum authorized by law. *See* 28 U.S.C. § 2255.

Petitioner's claim is meritless, however, because the Second Circuit has held that, in appropriate circumstances, a district court may sentence a person convicted of violating 21 U.S.C. § 846 to a term of supervised release. *See Rodriguez v. United States,* 951 F.2d 26 (2d Cir.1991). In *Rodriguez,* defendant Rodriguez pleaded guilty to one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and the district court sentenced him to a thirty-month term of imprisonment, a four-year term of supervised release, and a special assessment of fifty dollars. *See id.* at 27. Thereafter, Rodriguez brought a motion to correct his sentence, pursuant to 28 U.S.C. § 2255, arguing that "at the time of his offense, November 14, 1988, a violation of section 846 could not be penalized by a sentence including supervised release." *Id.* Rodriguez argued that at the time he violated 21 U.S.C. § 846, the statute included no provision for imposing a term of supervised release.[3] The district court denied the motion, and Rodriguez appealed to the Second Circuit.

posed in violation of law." In the instant case, no such determination was made on appeal. In fact, petitioner never appealed his case.

Despite petitioner's procedural error, courts interpret motion papers submitted by *pro se* litigants liberally and construe them to raise the strongest arguments presented. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) (citing *Mikinberg v. Baltic S.S. Co.,* 988 F.2d 327, 330 (2d Cir.1993)). The strongest argument presented in petitioner's motion papers is that petitioner's sentence is in excess of the maximum authorized by law. Because petitioner may bring a motion pursuant to 28 U.S.C. § 2255 to challenge a sentence that is in excess of the maximum authorized by law, this Court will interpret petitioner's Rule 35(a) motion as a motion for relief under 28 U.S.C. § 2255.

3. Although this statute was modified and now permits a court to impose a term of supervised release, this modification only became effective on January 1, 1989. *See* 21 U.S.C. § 846; *Rodriguez,* 951 F.2d at 27 n. 1. This modification does not apply in the instant case because petitioner's offense conduct occurred prior to the effective date of the statute's modification.

Although the Second Circuit recognized that 21 U.S.C. § 846 included no provision for imposing a term of supervised release, the Court held that the Sentencing Guidelines ("the Guidelines") authorized the district court to impose a term of supervised release. *See Rodriguez*, 951 F.2d at 27. The Guidelines applied to Rodriguez's sentencing because the Guidelines became effective November 1, 1987 and Rodriguez's offense conduct occurred in November 1988. Under the Guidelines, "[i]f a defendant is convicted of a conspiracy to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4(a). If the object of Rodriguez's conspiracy had been completed, Rodriguez would have violated 21 U.S.C. § 841(a)(1), and for such a violation, he would have faced a sentence that included a term of supervised release. *See id.* Therefore, the Court held that the district court was authorized to sentence Rodriguez to a term of supervised release. *See id.* at 27–28 ("Section 2D1.4(a) of the Guidelines thus altered the application of the pertinent version of section 846 by authorizing supervised release as a penalty for a conspiracy offense.").

The *Rodriguez* holding applies with equal force to the instant case. Here, the Guidelines govern Picat's sentence because the Guidelines became effective on November 1, 1987 and Picat's criminal conduct occurred in October of the following year. Under the Guidelines, the offense level for Picat's conspiracy conviction is "the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4(a).[4] If the object of Picat's conspiracy had been completed, Picat would have violated 21 U.S.C. § 841, and he would have faced a sentence that included a term of supervised release. Because Picat faced the same penalty for conspiracy that he would have faced if the object of his conspiracy had been completed, the Guidelines authorized this Court to include a term of supervised release as part of Picat's sentence.

4. Effective November 1, 1992, this provision of the Guidelines was deleted and consolidated with the sections of the Guidelines that apply to substantive offenses. *See* U.S.S.G. App. C, amendment 447. Because the petitioner in the instant case was sentenced prior the effective date of this change in the Guidelines, this change is irrelevant to the instant case.

Accordingly, petitioner's § 2255 motion is DENIED.

SO ORDERED.