89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Eddie MITCHELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2203.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: JONES, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Charles Eddie Mitchell was found guilty after a jury trial of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846 and received a 292 month sentence. A panel of this court affirmed Mitchell's conviction and sentence in its entirety. United States v. Walton, 908 F.2d 1289 (6th Cir.), cert. denied, 498 U.S. 906, 989, and 990 (1990).
 
 
 3
 In 1995, Mitchell filed a § 2255 motion to vacate in which he challenged the constitutionality of his conviction and sentence on a number of grounds. The government responded and the district court summarily denied the relief sought for the reasons stated in the government's response. This appeal followed. The parties have briefed the issues; Mitchell is proceeding without benefit of counsel.
 
 
 4
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in summarily denying the motion and that the ground raised does not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 Mitchell and four others were convicted of conspiring to distribute large quantities of cocaine between 1980 and 1988. Mitchell took an unsuccessful direct appeal of this conviction through counsel. Mitchell subsequently filed the present motion to vacate in which he challenged virtually every aspect of his case. Included among his claims was his contention that he had been sentenced pursuant to an amendment to a statute (21 U.S.C. § 841) that took effect only after the underlying criminal conduct had taken place. The government responded inter alia that this claim was not cognizable in this § 2255 motion and that it was patently without merit. The district court denied the motion and adopted as its reasoning the entirety of the government's response.
 
 
 6
 On appeal, Mitchell advances one claim only, that is, that his punishment was imposed in violation of ex post facto principles. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The remainder of Mitchell's claims are therefore not before the court.
 
 
 7
 Mitchell did not raise his ex post facto claim on direct appeal, even though he could have done so, and does not now advance any justification for this omission. A § 2255 motion will not serve as substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Claims that could have been asserted on direct appeal will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). This claim is therefore not properly before the court.
 
 
 8
 Mitchell fares no better if the claim is examined on the merits. Mitchell was convicted of taking part in a drug distribution conspiracy in violation of 21 U.S.C. § 846. The penalty provision of § 846 in effect at that time provided that Mitchell's punishment reference the appropriate subsection of 21 U.S.C. § 841. At the time of Mitchell's violation, the applicable penalty provision of § 841, § 841(b)(1)(B), provided for a penalty of not less than 5 nor more than 40 years. This provision was added by P.L. 99-570 which took effect November 1, 1987. Mitchell's conspiracy was taking place at the time of this amendment. Walton, 908 F.2d at 1299. An ex post facto violation only occurs when: 1) a law is applied to events that occurred before its enactment, and 2) application of the law disadvantages the defendant to whom it is applied. Miller v. Florida, 482 U.S. 423, 430 (1987). Mitchell does not state a claim for an ex post facto violation. This appeal is utterly meritless.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.