**UNITED STATES of America,
Plaintiff,**

v.

**Larry Noal WHITE, Charles Eddie Mitchell Defendants.**

**No. CR. 88–50066.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 27, 2002.

Barney R. Whitesman, Flint, MI, for Larry White.

Larry White, FCI, Elkton, Elkton, OH, pro se.

Charles Eddie Mitchell, FCI Elton, Elkton, OH, Pro se.

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION "TO CORRECT ILLEGAL SENTENCES"

GADOLA, District Judge.

## I. INTRODUCTION

Defendants filed a motion "to correct illegal sentences" on August 2, 2002 based on Rule 35 of the Federal Rules of Criminal Procedure and on the Court's inherent authority to correct an illegal sentence. Before the Court is the Report and Recommendation of the Honorable Wallace Capel, Jr., United States Magistrate Judge, on this motion. The Magistrate Judge recommends that this Court deny Defendants' motion on procedural and substantive grounds. Defendants objected to the Report and Recommendation through their counsel and through their own filings. Respondent did not file a response to these objections. Upon review under the standard below, this Court will overrule the objections and will accept the Report and Recommendation.

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F.Supp.2d 806, 807 (E.D.Mich.2002) (Gadola, J.). The Supreme Court observed that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F.Supp.2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part, that

[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after addi-

tional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). Here, because Defendants filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie,* 221 F.Supp.2d at 807.

■ De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, *Federal Practice* § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F.Supp.2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.;* 12 Wright, *Federal Practice* § 3070.2.

## III. ANALYSIS

In this case, the Magistrate Judge recommends that the motion be denied on both procedural and substantive grounds. Specifically, the Magistrate Judge recommends that the motion be denied because "the district court has no authority to correct or reduce the Defendants' sentences."

Rep. & Rec. at 13. The Magistrate Judge further recommends that even if the Court did have authority, the law of this case indicates that the Court did not commit error and that there is no violation of the *ex post facto* clause. *Id.* The Court notes at the outset that Federal Rule of Criminal Procedure 35 has been amended since the filing of the Report and Recommendation and the objections. This amendment, however, does not affect the reasoning or substance of the Report and Recommendation or the objections.

Defendants, through their counsel, raise three objections to the Report and Recommendation. In the first objection, Defendants argue that this Court *does* have jurisdiction to correct an illegal sentence under Federal Rule of Criminal Procedure 35. Defendants argue, through their attorney, that three cases cited in the Report and Recommendation to show that the Court does not have jurisdiction are each distinguishable from the present case. The Court has reviewed each of these three cases and the plain language of Rule 35. The Court is convinced that it does *not* have authority under Rule 35 or under its inherent power to correct the sentences of Defendants White and Mitchell, for the reasons stated in the Report and Recommendation. *See* Rep. & Rec. at 10–13.

Defendant's second objection raised through counsel is that the Report and Recommendation improperly relies on 18 U.S.C. § 3583 as authority for imposing supervised release. Defendants rely primarily on *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), for this objection. Other courts addressing this issue have held that the holding in *Bifulco* has been superceded by the statutory amendments in 18 U.S.C. § 3583. *See, e.g., United States v. Van Nymegen,* 910 F.2d 164, 166 (5th Cir.1990). Furthermore, the *Bifulco* case addresses

special parole, which is distinct from the supervised release that was imposed in this case. *Id.*

Defendants' third objection raised through counsel is that the Report and Recommendation improperly relies on cases from other circuits. Defendants argue that law of the Sixth Circuit does not support the proposition that drugs from an earlier part of the conspiracy can be aggregated with drugs from a later part of the conspiracy to qualify for a harsher penalty under laws that became effective during the later part of the conspiracy. The Sixth Circuit, however, has stated in a published opinion that "a person convicted of conspiracy may be sentenced under an amended statute that increases the sentence if the conspiracy continues after the effective date" without violating the *ex post facto* clause. *United States v. Frazier,* 936 F.2d 262, 267 (6th Cir.1991) (citing *United States v. Henson,* 848 F.2d 1374, 1385 (6th Cir.1988)). Defendants argue that the *Frazier* case should be distinguished because the reasoning is dicta: the sentence imposed was the same whether or not the drug amounts were aggregated. The Court, however, considers the reasoning of the *Frazier* court to be persuasive guidance from the Sixth Circuit on this issue.

Furthermore, the Sixth Circuit addressed the issue of the appropriate sentencing guidelines in the direct appeal of this case: "a defendant who commits a continuing offense beginning before the effective date of the guideline and ending after the effective date of the guidelines can be sentenced under the guidelines without violating the *ex post facto* clause of the Constitution." *United States v. Walton, et al.,* 908 F.2d 1289, 1299 (6th Cir. 1990). The Sixth Circuit also noted that "the conspiracy at issue in this case continued long after the November 1, 1987 effective date for the guidelines." *Id.* This

reasoning is analogous to the reasoning regarding the amendments to statutes. The Court is persuaded that the aggregation of drug quantities before and after the statutory amendment was not improper.

Defendants also submitted objections pro se. The Court has reviewed these objections as well as the attached exhibits which include charts, transcripts, excerpts from the congressional record, case law, and other materials. Having conducted a de novo review in accordance with the standard articulated above, the Court concludes that the Magistrate Judge's reasoning and conclusions are sound. The Court agrees with the Magistrate Judge that the district court does not have the authority under Rule 35 to correct the Defendants' sentences. Even if the Court did have such authority, Defendants have not persuaded this Court that a correction is warranted. The Court, therefore, shall overrule Defendants' objections and shall accept the report and recommendation as the opinion of the Court.

## IV. OTHER MOTIONS

Also before the Court are several other motions for bond, bail, and the withdrawal of counsel for Defendants. The Court has considered these motions and will dispose of them as follows. The Court will permit counsel to withdraw from further representation of the Defendants. Counsel states that Defendants, "through a family representative, ask counsel to withdraw as their attorney." Defendants were served with a copy of this motion and have not objected to it. Additionally, Defendants have pursued their own representation by filing their own pleadings. The Court will therefore grant this motion.

Defendants also filed a motion for release on bail, which they then requested to withdraw. The Court will deem the motion withdrawn in accordance with Defendant's request. Defendants subsequently

filed a motion for bond pending the outcome of Defendants' motion to correct illegal sentence. As this Court will deny the motion to correct illegal sentence, the Court will also deny the motion for bond as moot.

## V. CONCLUSION

The Court agrees with the Magistrate Judge that the motion to correct the sentence should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' objections [docket entries 811, 812, and 816] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the report and recommendation [docket entry 810] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion to correct illegal sentences [docket entry 797] is **DENIED.**

**IT IS FURTHER ORDERED** that attorney Charles Grossman's motion to withdraw as counsel for Defendants [docket entry 813] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' motion to withdraw their motion for bail pending outcome of the motion to correct illegal sentences [docket entry 819] is **GRANTED,** and accordingly the motion for bail [docket entry 817] shall be considered withdrawn.

**IT IS FURTHER ORDERED** that Defendants' motion for bond pending outcome of motion to correct illegal sentencing [docket entry 815] is **DENIED.**

## *REPORT AND RECOMMENDATION*

CAPEL, United States Magistrate Judge.

## I. *INTRODUCTION*

Before the Court is "Motion of Larry White and Charles Mitchell to Correct Il-

legal Sentences," brought pursuant to Federal Rule of Criminal Procedure Rule 35. The Defendants claim that the sentences imposed by the district court in the above entitled case were unlawful for two reasons. First, because the conspiracy, section 846, had not been amended to include the harsher penalties of the Sentencing Reform Act of 1984 or the Anti–Drug Abuse Act of 1986; and secondly, because the court aggregated the drug's weight involved in the early conspiracy years of lower penalties with the drugs Involved in the later years of harsher penalties, for the purpose of applying the harsher penalties of the later statutes at the time of sentencing. Defendants contend that the court's sentence was illegal and a violation of *Ex Post Facto Clause* principles.

The government maintains that the Defendants' arguments are frivolous, and that their motion should be denied on both procedural and substantive grounds. I am inclined to agree.

## II. *CASE HISTORY*

### A. Defendants' Statement of Case History [1]

On September 30, 1988, Larry N. White and Charles E. Mitchell, along with others, were indicted by a grand jury in the Eastern District of Michigan, at Flint. The indictment returned four counts. Count One(1): A Violation of Sec.406 of the *Comprehensive Drug Abuse Prevention and Control Act* of 1970 P.L. 91–513, Title II (21 U.S.C.846). Count Two(2) and Three(3): A Violation of Public Law 99–570 Sec. 848. Count Four(4): A Violation of Sec. 406 of the *Controlled Substance Act* of 1970 P.L. 91–513, Title II (21 U.S.C. 846 Conspiracy). White was named in Count One(1) and Two(2), and Mitchell was named in only Count One(1). The object

1. Case statement taken verbatim from Defendants' Motion to Correct Illegal Sentences.

of the conspiracy, 21 U.S.C. 841(a)(1)(1)(B), was never charged or cited within the indictment.

On March 8, 1989, on the government's motion, Counts Two(2) and Three(3) were dismissed. Therefore, at the time of trial, White and Mitchell were named only in Count One(1), which charged that the defendants participated in drug conspiracy from 1980 to September 30, 1988.

The time of the conspiracy, from 1980 to September 1988, straddled several changes of the substantive law for the underlying drug offense. From 1980 to 1984 the maximum penalty the defendants could have received was 15 years, with three years of special parole. *Comprehensive Drug Abuse Prevention and Control Act* of 1970 Pb.L. 91–513, § 404, 84 Stat. 1236, 1260. In 1984 the penalty was increased to 20 years without special parole if there was a kilogram or more of cocaine and for less than a kilogram it remained 15 years with special parole. *Comprehensive Crime Control Act* of 1984, Pub.L. No. 98–473, § 502, 98.Stat 1837, 2068. In 1986, the penalties again changed so that amounts less than 500 grams of cocaine carried a maximum penalty of 20 years, for 500grams to 5 kilograms it was 40 years and for 5 kilograms or more it was life imprisonment. The *Anti–Drug Abuse Act* also imposed supervised release, but that part of the act did not become effective until November 1, 1997. Also, as of November 1, 1997, prisoners lost their rights to parole under U.S.C. § 4205 or good time up to 120 days per year under U.S.C. § 4161, that being the effective date of the *Sentencing Reform Act* of 1984 which eliminates parole and limits good time to 54 days per year. *Anti–Drug Abuse Act* of 1986, Pub.L. No. 99–570, § 1002 100 Stat. 3201, 3207-26-4.

It is further noted that the above cited *Comprehensive Crime Act* of 1984 and the

*Anti–Drug Abuse Act* of 1986 did not include provisions to include the specific penalties of the underlying offense into the conspiracy statute under which these defendants were charged, 21 U.S.C. § 846. It was not until November 18, 1988, over a month after the charged conspiracy ended, was § 846 amended to include the "same penalties" as those prescribed for the offense. Pub.L. 100–690.

Trial commenced on April 4, 1989, without a substantive violation of 21 U.S.C. 841 being charged or cited within the indictment. On May 10, 1989, both Defendants were found guilty, by a jury, on Count(1).

White received a sentence of 480 months (40 years) and Mitchell received a sentence of 292 months (24 years and 4 months) incarceration. Additionally, White and Mitchell were sentenced to three years of supervised released. These sentences were in excess of the maximum penalties allowed when the conspiracy began.

### B. Government's Statement of Case History[2]

Defendants were convicted by jury verdict of having conspired to distribute multi-kilogram quantities of cocaine between June 1980 and September 1988, and sentenced to terms of 480 months (White) and 292 months (Mitchell) in 1989. Their convictions and sentences were affirmed on direct appeal, and the Supreme Court denied *certiorari. United States v. Walton, et. al.,* 908 F.2d 1289 (6th Cir.1990), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990). The opinion of the Sixth Circuit included the following holding:

We agree with the overwhelming weight of authority holding that a defendant who commits a continuing offense beginning before the effective date of

---

**2.** Taken verbatim from the government's response to Motion to Correct Illegal Sentences.

the guidelines and ending after the effective date of the guidelines can be sentenced under the guidelines without violating the *ex post facto* clause of the Constitution. It is undisputed that the conspiracy at issue in this case continued long after the November 1, 1987 effective date for the guidelines.

*Walton,* 908 F.2d at 1299.

The government filed a Rule 35 motion to reduce White's sentence to reflect his cooperation in the investigation of other offenders, and his sentence was reduced to 300 months on February 5, 1992. White later filed as no. 92–40239 a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied (docket no. 615). His appeal from that decision, too, was affirmed, and the Supreme Court again denied *certiorari. White v. United States,* 16 F.3d 1223, 1994 WL 20094 (6th Cir.1994)(table), *cert. denied* 512 U.S. 1244, 114 S.Ct. 2761, 129 L.Ed.2d 876.

On April 27, 1995 Mitchell filed as No. 95–40157 a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. As part of this motion Mitchell argued that he had erroneously been sentenced under an amendment to 21 U.S.C. § 846 that took effect on November 18, 1988—several months after the indictment and the end of his offense. The government responded to this claim as follows:

> As his seventh claim of error defendant Mitchell argues that his sentence was imposed retroactively under a statute that took effect after his offense, in violation of the Ex Post Facto clause of the Constitution. Defendant's direct appeal from his sentence established that the district court did not err in holding that the Sentencing Reform Act was properly applied to his offense, but the instant, rather convoluted claim is that his sentence somehow violated the sentencing provisions of the form of Sec-

tions 841 and 846 in force at the time of his offense.

This claim is identical, word-by-word, to that raised by co-defendant Loretta Walton in her motion to vacate sentence which was filed on March 1, 1995 ....

Defendant has neither stated nor implied any basis for his failure to raise this claim previously. Accordingly, his petition can and should be denied for failure to show cause for, and prejudice from his failure to present these claims either to this court at sentencing or to the Sixth Circuit on direct appeal. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Schlesinger,* 38 F.3d 485 (9th Cir.1994); *Scott v. United States,* 997 F.2d 340 (7th Cir.1993).

Furthermore, the substance of defendant's current attack is clearly frivolous. He erroneously implies that Section 841(b)(1)(B) was not added to Title 21, United States Code until the effective date of Public Law 100–690. In fact, this law made only minor modifications to section 841. Section 841(b)(1)(B) was adopted as part of the Anti–Drug Abuse Act of 1986, Public Law 99–570, which became effective the same day as the Sentencing Guidelines [November 1, 1987], and therefore clearly was in effect at the time of defendant's offense and his sentencing. Defendant finally admits this later in his brief.

Defendant argues, however, that Section 841(b)(1)(B) does not apply to this case, because he was only convicted of conspiracy under Section 846. This is, of course, correct, but of no help to defendant. As he admits, at the time of his sentencing Section 846 provided:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not

exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Therefore, Section 846 directed that his maximum penalty would be the maximum provided by Section 841(b) for the offense of distribution of cocaine—life imprisonment . . . .

Defendant's reference to the absence of "detectable amounts" of cocaine is simply irrelevant to the crime charged: *conspiracy* to distribute cocaine. Likewise, his citation of cases holding that mandatory *minimum* sentences did not apply to convictions under Section 846 is pointless; it is true that mandatory minimum sentences under Section 841 were not required under the 1988 version of Section 846, but no mandatory minimum penalty was applied to him in the instant case. . . .

Docket No. 685, government's response to motion to vacate sentence, at pp. 21–22. The court denied defendant's motion in an order adopting this response. Docket No. 694, order denying motion to vacate sentence.

On appeal this court's judgment was again affirmed in an unpublished opinion available at 1996 WL 341157, *Mitchell v. United States,* 89 F.3d 834, 1996 WL 341157 (6th Cir.1996)(table). The pertinent part of that opinion reads as follows:

On appeal, Mitchell advances one claim only, that is, that his punishment was imposed in violation of *ex post facto* principles . . . .

Mitchell did not raise his *ex post facto* claim on direct appeal, even though he could have done so, and does not now advance any justification for this omission. A § 2255 motion will not serve as substitute for a direct appeal . . . . Claims that could have been asserted on direct appeal will not be entertained in a § 2255 proceeding unless the petitioner

demonstrates cause for his previous omission and prejudice resulting therefrom. *United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). This claim is therefore not properly before the court.

Mitchell fares no better if the claim is examined on the merits. Mitchell was convicted of taking part in a drug distribution conspiracy in violation of 21 U.S.C. § 846. The penalty provision of § 846 in effect at that time provided that Mitchell's punishment reference the appropriate subsection of 21 U.S.C. § 841, § 841(b)(1)(B), provided for a penalty of not less than 5 nor more than 40 years. This provision was added by P.L. 99–570 which took effect November 1, 1987. Mitchell's conspiracy was taking place at the time of this amendment. *Walton,* 908 F.2d at 1299. An *ex post facto* violation only occurs when: 1) a law is applied to events that occurred before its enactment, and 2) application of the law disadvantages the defendant to whom it is applied. *Miller v. Florida,* 482, U.S. 423, 430 (1987). Mitchell does not state a claim for an *ex post facto* violation. This appeal is utterly meritless.

Docket No. 710, copy of order of Sixth Circuit affirming this court's denial of Mitchell's motion to vacate his sentence, at pp. 2–3.

Undeterred, on February 14, 1997 White and Mitchell jointly filed as No. 97–40029 a "Motion to Vacate or Correct Illegal Sentences Pursuant to Rule 60(b)(a) and (b)(4)" raising the same, confused claim:

The Defendants submits [*sic*] that since he was sentenced according to Title 21 U.S.C. § 846 . . . the District Court erred in ruling under the law as it existed, at the time relevant to this particular Defendant in this case, minimum mandatory sentences were required for

substantive drug trafficking offenses but not for drug conspiracy counts such as those issued here in this particular action.

4. *Public Law 98–473, The Sentencing Reform Act of 1984* which took effect November 1, 1987, *did not* include provisions for Title 21, U.S.C. § 846. *Public Law 99–570, the Anti–Drug Abuse Act of 1986,* which took effect October, 1986 *did not* include any provisions for Title 21, "846". [*sic* ]

Congress had *failed to include,* for whatever reasons, *Title 21, U.S.C. § 846.* Within those acts; and so, those acts *did not* apply to the statute. Congress, recognizing this, enacted Public Law 100–690 to put 21:846 under the provision of Public Law 98–473/99–570. On November 18, 1988 (over one year) Title 21, U.S.C. § 846 was exempt from the provision of the aforesaid Public Laws. Since *Public Law 91–513* was in effect, expressly for 21:846 until (expressly) *revoked by congress* that law *"remained in effect"* for violation of 21:846 *that occurred up until November 18, 1988.* Therefore, this Court had no authority to impose a penalty not provided for by Congress at the time of Commission of the crime.

5. The law in effect for a conspiracy conviction under Title 21 U.S.C. § 846 was five (5) years. Since the Defendant was only convicted of being a conspirator and not a substantive offender it was an egregious error to sentence him under the Federal Sentencing Guidelines to a term of imprisonment in excess of that for which he was convicted; i.e., conspiracy.

Docket No. 717, motion by defendants White and Mitchell to vacate sentences, pp. 2–3. This motion was denied by the court in an order filed June 5, 1997 as docket no. 738. Both defendants appealed from this order [docket nos. 741, 742], but the Sixth Circuit dismissed both appeals [docket no. 755].

On October 21, 1997 White and Mitchell filed a "Habeas Corpus Petition Pursuant to Title 28 U.S.C. § 2241." Since they were then incarcerated at FCI–Elkton, Ohio, they filed this petition in the Northern District of Ohio. That court, however, construed the motion as a motion to vacate sentence under 28 U.S.C. § 2255 and, accordingly, transferred it to this court, where it was docketed as No. 97–40483. Docket nos. 768 (White) and 772 (Mitchell). Upon being advised of this action both defendants promptly wrote to the court a letter withdrawing their motions. Docket No. 776. This court honored their request and dismissed the motion. Docket No. 779, dated May 28, 1998.

On January 4, 1999 Mitchell (only) filed in this closed criminal case (No. 88–50066) a "Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3583," arguing that although the court had determined that at least 80 kilos of cocaine were distributed by the conspirators, recent changes to the sentencing guidelines mean he "should only be held accountable for, at most, 3–4 pounds of cocaine." Docket No. 780 at 5. The court denied this motion on the merits in an order filed on April 13, 1999. Docket No. 784. Defendant appealed from this order, but his appeal was dismissed by the Sixth Circuit. Docket Nos. 785 (appeal) and 792 (order dismissing appeal).

Subsequent requests to the Sixth Circuit for permission to file a second or successive 2255 motion in this court were denied. Docket Nos. 795 (Mitchell) and 796 (White).

### III. *ANALYSIS*

The Defendants are requesting that the court correct their sentences pursuant to Federal Rule of Criminal Procedure, Rule

35. The government responds that the district court is without jurisdiction to correct or reduce the sentence. I agree.

■ Defendants were convicted of having conspired to distribute cocaine from June of 1980 until September of 1988. A conspiracy is an ongoing crime, and "once a criminal conspiracy is established, it is presumed to continue until its termination is affirmatively shown." *United States v. Portsmouth Paving, Corp.*, 694 F.2d 312, 318 (4th Cir.1982). The crime in this case ended in September of 1988. Federal Rule of Criminal Procedure 35, as amended took effect on November 1, 1987. The new rule was applicable to offenses committed after November 1, 1987, and is therefore the applicable rule to apply to this case.

The rule in effect prior to amendment provided:

"Rule 35. Correction or Reduction of Sentence

"(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

"(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

Under the old rule, the district court could correct an illegal sentence at any time, and could correct a sentence imposed in an illegal manner within the time provided for reduction of sentence. A motion to reduce a sentence could be made within 120 days after imposition of sentence, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction or probation revocation.

The current version of Rule 35 differs substantially from the old version and provides as follows:

**Rule 35. Correction or Reduction of Sentence**

**(a) Correction of a Sentence on Remand.** The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court—

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

**(b) Reduction of Sentence for Substantial Assistance.** If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing

Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's presentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

**(c) Correction of Sentence by Sentencing Court.**

The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error. (As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 28, 1983, eff. Aug. 1, 1983; Oct. 12, 1984, Pub.L. 98–473, Title II, § 215(b), 98 Stat.2015; Apr. 29, 1985, eff. Aug. 1, 1985; Oct. 27, 1986, Pub.L. 99–570, Title X, § 1009, 100 Stat. 3207–8; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 24, 1998, eff. Dec. 1, 1998.)

■ Under the current rule, defendant's sentences can only be corrected or reduced: (1) upon remand from the appeals court; (2) upon motion of the government for providing substantial assistance, or (3) for corrections of arithmetical, technical, or clear errors within seven days after imposition of sentence.

In this case, the appeals court has not remanded the case to the district court for correction of Defendants' sentences; and the government is not moving to reduce the Defendants' sentences for substantial assistance. Furthermore, Defendants have not moved for correction of their sentences within the seven day period established by section (c).

■ The majority of courts reviewing Rule 35(c) have held that the seven day limitation is a jurisdictional restriction, and the district court has no authority to act outside of that time period. *See, United States v. Diaz–Clark,* 292 F.3d 1310 (11th Cir.2002); *United States v. Lopez,* 26 F.3d 512, 518–519 (5th Cir.1994); *United States v. Fahm,* 13 F.3d 447, 453 (1st Cir.1994); *United States v. Austin,* 217 F.3d 595, 597 (8th Cir.2000); *United States v. Daddino,* 5 F.3d 262, 265 (7th Cir.1993); *United States v. Hudson,* 207 F.3d 852 (6th Cir. 2000).

■ Furthermore, the district court has no inherent power to modify a term of imprisonment beyond the authority granted by Rule 35 or 28 U.S.C. § 2106 or § 2255. In *United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028–1029 (9th Cir.1999), the court held that in the absence of an express statute or rule to the contrary, a district court is without jurisdiction to reconsider and ultimately reimpose a modified term of imprisonment. *See also United States v. Ross,* 245 F.3d 577 (6th Cir.2001); *United States v. Galvan–Perez,* 291 F.3d 401 (2002).

It is clear in this case that the district court has no authority to correct or reduce the Defendants' sentences. The Defendants' arguments are frivolous.

■ I would note that the Sixth Circuit has already held in this case that a defendant who commits a continuing offense beginning before the effective date of the guidelines and ending after the effective date of the guidelines, can be sentenced without violating the *ex post facto* clause of the constitution, and held that it was not error to sentence the Defendants under the guidelines. *United States v. Walton,* 908 F.2d 1289, 1299 (6th Cir.1990).

■ Further courts have held that where the guidelines proscribe a sentence greater than the previous norm, the *Ex*

*Post Facto Clause,* which bars an increase in the punishment for an offense after it has been committed, is not violated by applying an increased penalty to a conspiracy that continued after the effective date of the increased penalty. *See United States v. Baresh,* 790 F.2d 392, 404 (5th Cir.1986); *United States v. Inafuku,* 938 F.2d 972 (9th Cir.1991); *United States v. Henson,* 848 F.2d 1374, 1383 (6th Cir. 1988); *United States v. Pace,* 898 F.2d 1218, 1238 (7th Cir.1990).

■ The Defendants argue, however, that a term of supervised release could not be imposed in this case because supervised release was not a punishment which the court was authorized to impose pursuant to 21 U.S.C. § 846, at the time the conspiracy ended. Defendants overlook 18 U.S.C. § 3583, which provides for terms of supervised release for all felonies and misdemeanors. Section 3583, took effect on November 1, 1987, well before the conspiracy in this case ended and was in effect at the time the Defendants were sentenced. Section 3583 permits the imposition of a term of supervised release notwithstanding, *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), upon which the Defendants so heavily rely. *See also Rodriguez v. United States,* 951 F.2d 26 (2nd Cir.1991).

■ Finally, the Defendants argue that the *Ex Post Facto Clause* does not allow the court to aggregate the drug's weight involved in the early conspiracy years of lower penalties with the drugs involved in the later years of harsh penalties, to compile a total drug weight for the purpose of applying the penalties of the later statutes. Because conspiracy is an ongoing crime which is presumed to continue until it's termination is affirmatively shown, the *Ex Post Facto Clause* does not bar sentencing consideration of the quantity of drugs during the entire course of the conspiracy. *See United States v. Sheffer,*

896 F.2d 842 (4th Cir.1990); *United States v. David,* 940 F.2d 722 (1st Cir.1991).

## V. CONCLUSION

For the reasons stated above, I respectfully recommend that the Defendants' Motion to Correct Illegal Sentences be **DENIED.**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

In accordance with the provisions of Fed.R.Civ.P. 6(b), the court, in its discretion, may enlarge the period of time in which to file objections to this report.